Filed 2/28/14  P. v. Payton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074448 |
| Plaintiff and Respondent, | (Super. Ct. No. 13PRCS0122) |
| v. | |
| BRANDON PAYTON, | |
| Defendant and Appellant. | |

Defendant Brandon Payton was convicted of possessing a firearm under qualifying circumstances.  (Pen. Code, § 29800, subd. (a)(1).)[1]  He was sentenced to prison for one year four months.  He was released from custody on October 9, 2012.

On June 21, 2013, a petition for revocation of postrelease community supervision (PRCS) was filed alleging that, on May 24, 2013, defendant reported to probation but

---

[1]    Undesignated statutory references are to the Penal Code.

refused to submit to urinalysis; upon further questioning he admitted to using pills that had not been prescribed to him. The petition alleged four prior PRCS violations: (1) on January 16, 2013, defendant was arrested for methamphetamine use and served 10 days' flash incarceration, (2) on February 19, 2013, defendant was arrested for being in a home where narcotics were present and served 10 days' flash incarceration, (3) on March 29, 2013, defendant admitted to using Vicodin that had not been prescribed to him, and (4) on April 2, 2013, defendant failed to report to probation as directed and served 90 days' incarceration. The petition recommended that, due to defendant's continual failure to comply with conditions of PRCS, he be ordered to serve 180 days in jail.

On June 24, 2013, the trial court found probable cause to support the petition and set a revocation hearing for July 19, 2013.

On July 19, 2013, the trial court found the petition true by a preponderance of evidence. Defendant was ordered to serve 180 days' incarceration, awarded 27 days' custody credit and 26 days' conduct credit, and returned to PRCS under the original terms and conditions. The court found defendant is not cooperative with PRCS; has suffered previous flash incarceration; and needs to be made aware of the absolute necessity of compliance with his conditions.

FACTS

Defendant was released on PRCS on conditions including he "not knowingly use, handle or possess controlled substances of any kind unless lawfully prescribed to [him] by a licensed medical practitioner."

Sacramento County Probation Officer Frank Marin testified he spoke to defendant on May 23, 2013, and directed him to report to the probation department the following day. Defendant reported as directed and Marin asked him to submit a urine test. Defendant responded he could not do so. Upon questioning, defendant stated he took a pill the previous night. Although Marin was not certain, he believed defendant identified

2

the pill as Vicodin.  Defendant acknowledged the pill belonged to his mother.  He said he could not pass the urine test but "would test dirty."

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Our review discloses a minor error in the calculation of presentence credits.  For the period June 22, 2013, though June 30, 2013, defendant was entitled to nine days' custody credit, not eight.  For the period July 1, 2013, through sentencing on July 19, 2013, he was entitled to 19 days' custody credit.  Thus, defendant is entitled to 28 days' custody credit and 28 days' conduct credit.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to award defendant 28 days' custody credit and 28 days' conduct credit.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

                       NICHOLSON   , Acting P. J.

We concur:

    MAURO     , J.

    MURRAY    , J.